BRUMLEY <em>againt</em> FANNING AND DEVOE.

<em>Sept.</em> 14th.

A mortgagor, who has sold his equity of redemption, without taking any security as indemnity against his bond, cannot have an *injunction* to stay waste against his vendee, on the ground that he will be answerable for what the land may fail to satisfy the mortgage.

THIS was a bill for an injunction. On the 2d of *April*, 1812, the plaintiff purchased a farm of the *Westchester Manufacturing Society*, and gave a bond and mortgage to secure part of the purchase money. On the 22d of *September*, 1812, he conveyed the equity of redemption to *Fanning*, subject to the mortgage, which *Fanning* undertook to discharge; but the plaintiff took no security, by way of indemnity against the bond. *Fanning* did not discharge the

1815.    mortgage, but sold his equity of redemption to *Devoe*, who,
WOODS    as the bill stated, was committing waste on the premises.  A
v.       suit was pending to foreclose the equity of redemption, and,
*'MONELL.*   also, a suit at law on the bond.

*Munro*, for the plaintiff.

THE CHANCELLOR.    The plaintiff has parted with his
fee, at law, to the mortgagees, and has sold his equity of re-
demption to *Fanning*.   He, therefore, has no *interest* re-
maining in the land, and can have no action concerning it.
On what ground, then, can he enjoin the exercise of the
rights of the owner?  He will be answerable for what the
land fails towards satisfying the debt ; so must a surety for
the insolvency of his principal ; but can he control his im-
provident acts ?

Injunction refused. (*a*)

(*a*) Vide *Scott* v. *Wharton*, (2 *Hen. & Mun. Rep.* 25.)