HENRY J. HURST, APPELLANT, *v.* CHARLES ELLIOTT AND OTHERS, RESPONDENTS.

*Sale by a mortgagor of his equity of redemption — injunction to stay waste committed on the mortgaged premises by his vendee, who has assumed payment of the mortgage thereon.*

On December 13, 1886, the plaintiff sold certain premises to the defendants Charles and Eva Elliott for $400, of which $100 was paid by the sale and delivery to the plaintiff of certain articles of personal property, and the balance by their assuming and agreeing to pay a mortgage given by the plaintiff to secure a portion of the purchase-price paid by him for the property. As an inducement to the Elliotts to purchase the plaintiff stated that if they would buy the said premises they could cut the trees standing thereon and convert them into fire-wood.

In an action, brought to restrain the defendants by injunction from removing, selling or in any way interfering with the wood and timber which had been cut by them on the said premises, and to have it sold and the proceeds applied on said mortgage:

*Held,* that as there was an express oral license to cut the trees in question, given by the plaintiff to the defendants Elliott, the plaintiff thereby waived any right he might otherwise have had to restrain their doing so.

That as the defendants had relied upon such license in making the purchase, and had acted upon it in cutting the trees, a court of equity would not issue its injunction to aid the plaintiff in restraining an act on the defendants' part to which he had expressly consented.

*Quære,* whether a mortgagor, who has sold his equity of redemption in the mortgaged premises without taking any indemnity against his liability upon his bond, can have an injunction against his vendee to stay waste on the ground that he would be answerable for the amount of the mortgage which the proceeds of sale of the land might fail to satisfy.

APPEAL from a judgment, entered in the office of the clerk of the county of Jefferson on the 18th day of January, 1888, dismissing

the plaintiff's complaint upon a trial had at the Jefferson County Special Term by the court without a jury.

*Wayland F. Ford,* for the appellant.

*Brown & Morse,* for the respondents.

MARTIN, J.:

On the 17th day of April, 1885, the plaintiff purchased the premises described in the complaint, and gave his bond and a mortgage thereon to secure the payment of $300 of the purchase-price, which was payable in seven equal payments, with annual interest, the first payment of principal to become due April 22, 1887. This mortgage was assigned to and held by one Gilderoy Lord.

On December 18, 1886, the plaintiff sold the premises to the defendants, Charles and Eva Elliott, for $400. One hundred dollars was paid by their selling and delivering to the plaintiff certain articles of personal property, and the remaining $300 by their assuming and agreeing to pay the aforesaid mortgage as the same should become due. When the agreement to sell said premises was entered into between the plaintiff and defendants Elliott, and, as an inducement to the Elliotts to purchase, the plaintiff stated to them that if they should buy said premises they could cut the trees standing thereon and convert them into fire-wood, etc. After the purchase of the premises by the defendants Elliott they took possession and commenced cutting the trees thereon and converted them into fire-wood, which they removed from the premises and sold a portion of it to some of the defendants. The defendants Elliott also sold some of the trees standing on a portion of the premises to other defendants, who cut them and converted them into fire-wood, while other defendants assisted in cutting such trees as the employees and agents of the purchaser. The premises with the trees cut and removed therefrom were inadequate security for the amount unpaid on said mortgage. This action was brought to restrain the defendants by injunction from removing, selling, or in anyway interfering with the wood and timber which had been cut on said premises, and to have it sold and the proceeds applied on said mortgage.

On the trial the court found the foregoing facts, and held: 1. That the plaintiff, after having thus conveyed the premises to the

defendants Elliott, was not in a position, at the commencement of this action, where he could restrain the commission of waste on the mortgage premises, as he had neither paid the mortgage debt nor been in any manner charged therewith. 2. That the plaintiff having consented that the defendants might cut and remove said wood, and the defendants having acted upon the faith thereof, the plaintiff was estopped from interposing any right or claim thereto.

In the case of *Brumley* v. *Fanning* (1 Johns. Ch. 501) it was held that a mortgagor who had sold his equity of redemption without taking any security or indemnity against his bond, could not have an injunction to stay waste against his vendee on the ground that he would be answerable for what the land might fail to satisfy of the mortgage. If such is the law, then it is clear that the plaintiff could not maintain this action, and the plaintiff's complaint was properly dismissed on that ground, but we do not deem it necessary to determine that question.

The evidence clearly shows that the plaintiff, as an inducement to the defendants Elliott to purchase the mortgage premises, gave his express consent that they might cut the timber thereon if they made such purchase, and expressly stated to them that they could cut as much as they had a mind to. Under this proof we think the court properly held that the plaintiff could not maintain this action to restrain the defendants Elliott, and those claiming under them, from removing the wood which had been cut by them in pursuance of this license or agreement. Here was an express license to cut the trees in question, given by the plaintiff to the defendants Elliott, and a consequent waiver by the plaintiff of any right he might otherwise have had to restrain their doing so. The defendants having relied upon such license in making the purchase, and acted upon it in cutting the trees, a court of equity ought not to issue its injunction to aid the plaintiff in restraining an act to which he had expressly consented, nor in enforcing a right which he had expressly waived. (Jones on Mortgages, § 692.)

We think the case was properly disposed of at the Special Term, and that the judgment should be affirmed.

HARDIN, P. J., and MERWIN, J., concurred.

Judgment and order affirmed, with costs.